**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:26-cv-02905-SKC-CYC**

AMANDA MURRAY, *on behalf of*
*herself and all others similarly situated,*

Plaintiff,

v.

ASSET RECOVERY, INC.,

Defendant.

---

**PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT CLASS CERTIFICATION AND DAMAGES-RELATED DISCOVERY**

---

Amanda Murray ("Plaintiff"), individually and on behalf of all others similarly situated, hereby moves for leave to conduct class certification and damages-related discovery against Asset Recovery, Inc. ("Defendant"), and, in support, states as follows:

1. The purpose of this motion is to allow Plaintiff sufficient time to conduct class certification and damages related discovery before Plaintiff moves for entry of a final default judgment. Plaintiff intends to seek a final default judgment, both as to the individual Plaintiff and the putative Class, upon completion of class certification and damages discovery.

2. On June 29, 2026, Plaintiff filed her complaint in this matter. ECF No. 1.

3. On July 10, 2026, Plaintiff served her complaint and related summons on Defendant. *See* ECF No. 8.

4. On August 3, 2026, Plaintiff moved for a clerk's default, which the Clerk issued on August 13, 2026. ECF Nos. 9-10.

5. "As a threshold matter, entry of default does not alter the Court's analysis for class certification." *Whitaker v. Bennett Law*, PLLC, No. 13-CV-3145-L NLS, 2014 U.S. Dist. LEXIS 152099, at *6 (S.D. Cal. Oct. 27, 2014). For that reason, "[c]ertification under Rule 23 remains a necessary procedural requirement in order for the class to recover damages." *Id.* The prerequisites imposed by Rule 23 serve "the important function of protecting absent class members whose rights may be affected by the class certification." *Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2003) (citing *Davis v. Romney*, 490 F.2d 1360, 1366 (3d Cir.1974)). To be sure, "In cases where default has been entered by the Clerk, courts routinely grant a plaintiff's request to conduct damages-related discovery." *Ulery v. GQ Sols., LLC*, Civil Action No. 22-cv-01581-PAB-MDB, 2022 U.S. Dist. LEXIS 220679, at *4 (D. Colo. Dec. 7, 2022). And, even in the face of a defaulting defendant, "[a]s the party seeking to certify a class, Plaintiff bears the strict burden of proving the requirements of Rule 23." *Gentry v. Kostecki*, Civil Action No. 20-cv-01284-WJM-STV, 2021 U.S. Dist. LEXIS 72546, at *6 (D. Colo. Apr. 14, 2021).

7. In cases in which a court enters a default judgment against a defendant and where no class has been certified, the court's authority is limited to entering a default judgment in favor of the individual named plaintiffs only. *See Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 340 (4th Cir. 2006) (noting that default judgment cannot be awarded to a class unless it is formally certified).

8. That said, courts have repeatedly granted representative plaintiffs leave to conduct discovery in support of class certification and in furtherance of an ultimate default judgment. *See Johnson v. Crowdvest LLC*, No. 24-CV-1293-JPS, 2025 U.S. Dist. LEXIS 45611, at *4 (E.D. Wis. Mar. 13, 2025) (granting leave to conduct class discovery on

defaulted TCPA defendant); *Ownby v. United 1st Lending, LLC*, No. 8:24-cv-2190-TPB-CPT, 2025 U.S. Dist. LEXIS 5730, at *4-5 (M.D. Fla. Jan. 13, 2025) ("No later than May 13, 2025, Ownby shall (a) conduct class certification and damages related discovery, including third-party discovery, as necessary; and (b) file a motion for default judgment."); *Trull v. Plaza Assocs.*, 1998 U.S. Dist. LEXIS 14195, at *12 (N.D. Ill. Sept. 1, 1998) ("Plaintiff is given leave to take discovery or otherwise obtain support for her motion for class certification and to file a revised motion for class certification on or before November 16, 1998."); *accord Whitaker v. Bennett Law, PLLC*, No. 13-cv-3145-L(NLS), 2014 U.S. Dist. LEXIS 152099, at *17 (S.D. Cal. Oct. 27, 2014) (certifying TCPA class following default).

9. In this matter, Plaintiff seeks to certify a class of similarly situated consumers who received unsolicited telemarketing messages seeking to solicit them to use Defendant's asset recovery services in exchange for payment of substantial commissions on sums recovered (the "Class"), defined as:

> All persons throughout the United States (1) to whom Asset Recovery, Inc. delivered, or caused to be delivered, more than one telephone call within a 12-month period, promoting Asset Recovery, Inc.'s, or its business partners', goods or services, (2) where the person's residential telephone number had been registered with the National Do Not Call Registry for at least thirty days before Asset Recovery, Inc. delivered, or caused to be delivered, at least two of the telephone calls within the 12-month period, (3) within four years preceding the date of this complaint through the date of class certification

10. Before the Court can enter a default judgment in favor of the Class, it must first find that the following four requirements of Rule 23(a) have been met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the class representatives are

typical of the claims or defenses of the other class members; and (4) the class representatives are able to protect the interest of the class fairly and adequately. Fed. R. Civ. Pro. 23(a).

11. Here, while elements 2-4 can largely be met based on Plaintiff's uncontested allegations and the content of the subject unlawful telemarketing voicemail messages, factual evidence on the numerosity element is needed for the Court, as it directly impacts both class certification and the corresponding measure of damages. Moreover, Defendant's call logs identifying the members in the Class are also needed for notice and administrative feasibility purposes. Defendant, or its contracted third-party agent who transmitted the unlawful telemarketing messages, is in possession of this information. Once the requisite information is obtained, Plaintiff will be able to demonstrate to the Court that the class is so numerous that joinder of all members is impracticable, and that a judgment in favor of the Class is otherwise administratively feasible. *See generally Ownby*, 2025 U.S. Dist. LEXIS 5730, at *4-5 (authorizing class and damages discovery in TCPA matter following default); *Whitaker*, 2014 U.S. Dist. LEXIS 152099, at *17 (certifying TCPA class following default).

12. Plaintiff, upon information and belief, anticipates that the Class will consist of thousands of members, given the abundant anecdotal complaints about Defendant's cold-calling practices, and Plaintiff's own experiences with Defendant. *See, e.g.*, ECF No. 1 at ¶ 32, *see also https://www.bbb.org/us/co/denver/profile/asset-recovery/asset-recovery-inc-1296-90160850/complaints* ("Asset Recovery has been making continued harrassing[sic] phone calls to multiple members of my family in an attempt to commit fraud after numerous request to stop calling and numerous notifications that the family

does not want to have any dealings with this Asset recovery") (last visited August 17, 2026).

13. Because Defendant refused to respond to the Complaint or otherwise participate in this litigation, Plaintiff has been prevented from initiating discovery. Thus, a Court ruling on class certification or default judgment is not ripe at this time.

14. Because the Court must evaluate the measure of statutory damages entitled to the Class, it is appropriate for the Court to permit discovery and ultimately conduct a hearing as necessary to conduct an accounting prior to entering judgment. *See* Fed. R. Civ. Pro. 55(b)(2). It would be wholly inequitable and unfairly prejudicial for Defendant to escape liability and reap an unjust benefit by refusing to participate in the litigation. Such a result would be contrary to public policy and run afoul of the relief and protections afforded pursuant to Rule 23. As Magistrate Judge William Matthewman of the Southern District of Florida held when granting a plaintiff's motion for leave to conduct class certification and damages discovery under nearly identical facts:

> It would be unjust to prevent Plaintiff from attempting to demonstrate the elements for certification of a class without the benefit of discovery, due to Defendant Ventrix's failure to participate in this case. It is clear from Plaintiff's Motion that Plaintiff believes there is a strong likelihood that he will meet the requirements of having a class certified upon completion of discovery. Therefore, the Court finds good cause to grant Plaintiff the requested relief.

*Leo v. Classmoney.net*, No. 18-CV-80813, 2019 U.S. Dist. LEXIS 230923, at *4-5 (S.D. Fla. Jan. 10, 2019) (citations omitted); *see also Ownby*, 2025 U.S. Dist. LEXIS 5730, at *4 (same).

WHEREFORE, Plaintiff respectfully requests an order from this Court:

1. Granting Plaintiff 120 days of leave to conduct class certification and

damages related discovery, including third-party discovery as necessary;

2. Reserving jurisdiction on the issue of damages and to otherwise reserve ruling on a final damages determination; and

3. Permitting Plaintiff to seek a default judgment, both as to the individual Plaintiff and the putative Class, upon completion of class certification and damages discovery.

Date: August 18, 2026.

By: *<u>/s/ Alex D. Kruzyk</u>*
Alex D. Kruzyk
Bryan A. Giribaldo
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
7500 Rialto Blvd. Suite 1-250
Austin, Texas 78735
akruzyk@pkglegal.com
bgiribaldo@pkglegal.com
Tele: (561) 726-8444

*Counsel for Plaintiff and the proposed class*